IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. LEWIS, JR.,

    **Plaintiff,**

    v.

DODGE CITY COMMUNITY COLLEGE, et al.,

    **Defendants.**

Case No. 5:22-CV-3207-JAR-RES

## MEMORANDUM AND ORDER

    Plaintiff Michael A. Lewis, Jr. filed this action *pro se* and *in forma pauperis* against Defendants Dodge City Community College ("DCCC"), the President of Dodge City Community College, later identified as Harold Nolte, Jr., and an unidentified "Staff and Campus Officer."[1]  Plaintiff brings this civil rights action under 42 U.S.C. § 1983, asserting claims that stem from Plaintiff's expulsion from DCCC.  This matter is before the Court on Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)[2] (Doc. 29).  The motion is fully briefed, and the Court is prepared to rule.  As described more fully below, the Court grants Defendants' motion to dismiss because Plaintiff's claims are untimely.

### I.    Procedural Background

    Plaintiff originally filed this action in the Western District of Virginia, but it was transferred to the District of Kansas on September 23, 2022.[3]  Plaintiff was issued a notice of deficiency, for failure to file a complaint on a court-approved form.  Plaintiff did not file an

---

[1] Docs. 8, 10.

[2] Though Defendants raise subject-matter jurisdiction arguments in their motion, which the Court considers below, they do not list Fed. R. Civ. P. 12(b)(1) as a basis for dismissal.

[3] Docs. 3, 4.

amended complaint, and the action was dismissed without prejudice on October 27, 2022.[4] Then on November 3, 2022 Plaintiff filed an amended Complaint on a court-approved form,[5] as well as a Motion for Leave to Proceed *in forma pauperis* ("IFP").[6] One week later, on November 10, 2022, Plaintiff filed another Complaint[7] and another Motion for Leave to Proceed IFP.[8] That same day, Judge Lungstrum reopened the case, vacated the prior Order dismissing the action, and granted both of Plaintiff's motions to proceed IFP.[9]

The two complaints differ slightly in the names of the Defendants and claims, and they contain slightly different descriptions of the relevant facts. However, the Clerk's Office docketed both of the documents as "Complaint," without any designation that the latter Complaint filed on November 10 was an amended, operative Complaint. Given this lack of clarity, the Court finds it appropriate to consider both Complaints for the purposes of this Order. Thus, the Court orders the Clerk's Office to rename Document 10 as "Supplement to the Complaint."

Additionally, despite Plaintiff listing "Staff and Campus Officer" as a Defendant in both of his Complaints, the Clerk's Office did not list this Defendant on the docket sheet. Out of an abundance of caution, the Clerk's Office is directed to add "Unidentified Staff and Campus Officer, Dodge City Community College" as a Defendant, in accordance with Plaintiff's Complaints. The Court finds that there will be no prejudice to the new, unidentified Defendant

---

[4] Doc. 6.
[5] Doc. 8.
[6] Doc. 9.
[7] Doc. 10.
[8] Doc. 11.
[9] Doc. 12.

from this late addition, because the Court dismisses Plaintiff's suit in its entirety. Thus, this newly added Defendant will also be terminated from the suit with the current Defendants.

## II.     Background

The following facts are alleged in Plaintiff's Complaints.[10] For the purpose of deciding this motion, the Court assumes these facts to be true and construes them in the light most favorable to Plaintiff.

Plaintiff was a student at DCCC, where he attended school on a full scholarship for football. He was eventually expelled from DCCC due to racially-based allegations of sexual misconduct. The precipitating incident was an interaction between Plaintiff and a "white girl"[11] in the women's dorm at DCCC. Plaintiff sat down next to the girl and started talking to her, and she was comfortable talking to him. At various points, Plaintiff asked permission to hug her, and touch her hair, and both times the girl gave him permission.

At some point during Plaintiff's interaction with the girl, a black male[12] began to walk back and forth in front of them. The girl told Plaintiff that she knew the other male, because he was a track runner, but said that she did not want to talk to him and she did not want him to sit with them. The man continued to walk back and forth by Plaintiff and the girl, and Plaintiff eventually asked him who he was looking for. The man was noncommittal, and he did not identify anyone he was supposed to meet in the girls' dorm. Eventually, Plaintiff asked the other man to sit down, and then told him that the girl wanted him to leave. The man refused to leave, despite the girl stating that she did not want him to stay. Several times, the girl asked Plaintiff

---

[10] *See* Docs. 8, 10.

[11] Plaintiff, a black male, identifies this woman in his Complaint only as "the white girl," thus, the Court does the same. *See* Doc. 8 at 6–7; Doc. 10 at 6–8.

[12] Again, Plaintiff does not identify the other male, but refers to him as "the black male" or "the track runner." *See* Doc. 10 at 1, 2, 8; Doc. 8 at 2, 3, 6.

3

not to leave her alone with the other man. Plaintiff eventually left to go to football practice without further incident.

There was another girl, A.J., who Plaintiff occasionally spent time with. A few days after the incident with the first girl and the loitering male, Plaintiff went to A.J.'s room. A.J. was on the phone with her mother and crying, because "a white man"[13] was forcing her and "a white girl" to write false statements accusing Plaintiff of misconduct. A.J. told Plaintiff that the man was threatening to kick her and the other girl out of school if they refused. A.J. also said that she knew Plaintiff did nothing wrong and that she would try to drop the charges.

Plaintiff was then called to a meeting with school representatives and A.J., regarding the alleged sexual misconduct. At the meeting, the school representatives dropped the charge offered by A.J., but refused to drop the charge from the white girl. There was video footage of Plaintiff's interaction with the white girl, which showed Plaintiff touching her hair. The school representatives used the video and the complaint to accuse Plaintiff of sexual misconduct with the white girl. Plaintiff told them that the white girl allowed him to touch her hair and to hug her, and he asked if she could be allowed to testify. The officers refused. One of the officers said that he knew Plaintiff did not do anything wrong, but that because the complainant was a white girl and Plaintiff was a black male, the school would be harder on him. As a result of these proceedings, Plaintiff was banned from DCCC. Plaintiff appealed to the President of DCCC for help, but the President did not do anything. These events occurred sometime in 2017.

---

[13] The only identification Plaintiff provides for the man who allegedly pressured both girls into making complaints against him is "a white man," thus, the Court employs the same language. *See* Doc. 10 at 7.

4

**III.    Legal Standard**

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[14] and include "enough facts to state a claim for relief that is plausible on its face."[15]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[16]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[17]  The court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[18]

Finally, because Plaintiff proceeds *pro se*, some additional considerations frame the Court's analysis.  The Court must construe Plaintiff's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[19]  Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[20]  However, it is not "the proper function of the district court to assume

---

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[15] *Id.* at 570.

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

[17] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[18] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[19] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the role of advocate for the *pro se* litigant."[21]  For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[22] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[23]

**IV.   Discussion**

In his Complaints, Plaintiff identifies his claims as discrimination, segregation, "falsely/ wrongly accused," defamation, and wrong judgment.[24]  The Court construes all his claims except defamation to fall under § 1983 as a single claim for racial discrimination.[25]  Defendants move to dismiss Plaintiff's § 1983 claim because the statute of limitations has expired.  Defendants also assert that Plaintiff's state law claims are outside the Court's subject-matter jurisdiction because Plaintiff did not comply with Kansas notice requirements.[26]

In Plaintiff's response, he does not challenge Defendants' arguments, but he requests leniency because: (1) he is not from Kansas and is unfamiliar with Kansas law; (2) he has been unstable since his removal from school and is now incarcerated; and (3) he never knew how to file a § 1983 claim until a fellow inmate told him in 2022.  Plaintiff also asserts that he will be

---

[21] *Id.*

[22] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[23] *Whitney*, 113 F.3d at 1173-74.

[24] *See* Doc. 10 at 8; Doc. 8 at 2.

[25] The Court considers this treatment proper based on Plaintiff's descriptions of his claims.  Plaintiff describes his "segregation" claim as being "set apart while being segregated inside this case.  As if it was a white or black matter by the officer."  Doc. 10 at 8.  This claim is based on race.  Plaintiff describes his "falsely accused" claim as being falsely accused "in a case with another black male, after being explained by others of my innocent (sic)."  *Id.*  This claim, too, is racially based.  And finally, Plaintiff describes his "wrong judgement (sic)" claim as "I was kick (sic) out of college for forever at Dodge City CC."  *Id.*  According to Plaintiff, he was kicked out because of his race, thus, this claim likewise falls under a racial discrimination claim.

[26] Defendants alternatively contend that any state law claims asserted by Plaintiff, including defamation, are untimely under the applicable statutes of limitation.  The Court need not address this alternative basis for dismissal because it finds that Plaintiff's defamation claim must be dismissed due to lack of subject-matter jurisdiction.

able to provide more details if he could have the chance to speak in court. As described more fully below, the Court grants Defendants' motion to dismiss because Plaintiff filed suit outside the applicable statute of limitation for § 1983 claims, and because the Court does not have subject-matter jurisdiction over Plaintiff's defamation claim.

    **A.    Section 1983 Claim**

Pursuant to § 1983, any person who "under color of . . . [law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."[27] Since Plaintiff alleges that he suffered racial discrimination, the Court construes his § 1983 claim as arising under the Equal Protection Clause of the Fourteenth Amendment, which prohibits racial discrimination in education.[28] The Court does not analyze whether Plaintiff alleged sufficient facts to state a plausible claim because Defendants do not move to dismiss on that basis. Rather, Defendants simply allege that Plaintiff's suit is barred because he sued outside the statute of limitations.

Though the Court is sympathetic to Plaintiff's plight, the law is clear:

> Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.[29]

---

[27] 42 U.S.C. § 1983.

[28] *See Brown v. Bd. of Ed.*, 347 U.S. 483, 495 (1954).

[29] *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citations omitted); *Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) ("The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983." (citations omitted)).

Because Plaintiff's cause of action arose in Kansas, at Dodge City Community College, Kansas's two-year statute of limitations for § 1983 claims is applicable.[30] Plaintiff does not allege a specific date on which he was expelled from school, but he does state that it happened in 2017. Thus, even assuming that Plaintiff was expelled on the final day of 2017, Plaintiff needed to file suit by December 31, 2019. Plaintiff did not file suit until September 7, 2022, almost three years outside of the statute of limitations.[31] This is fatal to his claim.

Plaintiff requests leniency from the Court, but he offers no specific argument that would justify tolling the statute of limitations in this case. And based on its review of the Complaints, the Court finds no basis on which to toll the statute of limitations. Thus, because Plaintiff's § 1983 claim is time-barred, Plaintiff fails to state a claim upon which relief can be granted, and his § 1983 claim must be dismissed.

### B. Defamation Claim

Plaintiff explains the basis of his defamation claim by generally asserting that Defendants "destroyed [his] name with charges."[32] Defendants again do not challenge the factual sufficiency of Plaintiff's allegations, but rather assert that this Court lacks subject-matter jurisdiction over Plaintiff's defamation claim, or any other state-law claims that Plaintiff raises,[33] because Plaintiff failed to comply with the notice requirement in K.S.A. § 12-105b(d).[34]

---

[30] K.S.A. § 60-513(a)(4); *Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984) (noting that the statute of limitations for bringing a section 1983 claim in Kansas is two years, as set out in K.S.A. § 60-513(a)(4)).

[31] Doc. 1.

[32] Doc. 10 at 8.

[33] Defendants' motion anticipates that the Court might construe Plaintiff's Complaints as raising additional state law claims, but the Court construes Plaintiff's Complaints as raising only one state law claim for defamation. Regardless, any other torts that Plaintiff's Complaints could be construed to raise would also be subject to dismissal for lack of subject-matter jurisdiction.

[34] Defendants also assert that Plaintiff's defamation claim is time-barred under K.S.A. § 60-514(a), which provides that actions for libel or slander must be brought within one year of the accrual of the claim. The Court

K.S.A. § 12-105b(d)(1) provides that "any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action."[35]  Defendants claim that Plaintiff failed to comply with this notice requirement before filing suit, and that Plaintiff's state law claims were thus void from the start.[36]  Plaintiff does not allege otherwise in his Response.

The Court finds that it does not have subject-matter jurisdiction over the defamation claim based on K.S.A. § 12-105b(d)(1).[37]  Thus, Plaintiff's defamation claim must be dismissed without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 29) is **granted**.  This suit is hereby dismissed.

**IT IS FURTHER ORDERED BY THE COURT** that the Clerk's Office is directed to rename Document 10 as a "Supplement to the Complaint."  The Clerk's Office is also directed to add "Unidentified Staff and Campus Officer, Dodge City Community College" as a Defendant, before terminating all Defendants in accordance with this Order.

**IT IS SO ORDERED.**

---

declines to engage in a statute of limitations analysis because it does not have subject-matter jurisdiction over the state law claims.

[35] Defendants qualify as "municipalities" or "employees of municipalities" under the Kansas Tort Claims Act because K.S.A. § 75-6102(b) defines municipality as "any county, township, city, school district or other political or taxing subdivision of the state, or any agency, authority, institution or other instrumentality thereof."

[36] *See Christopher v. State ex rel. Kan. Juv. Just. Auth.*, 143 P.3d 685, 689 (Kan. Ct. App. 2006) (affirming dismissal of a plaintiff's claims against a facility operated by a public school district because "K.S.A. § 12–105b(d) is a prerequisite to commencement of suit, and the failure to give notice deprived the district court of subject matter jurisdiction over [the plaintiff's] claim.").

[37] *See id.*  The Court notes that it could also dismiss the defamation claim *sua sponte* for lack of subject-matter jurisdiction because there are no remaining federal claims.  *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Dated: March 1, 2024

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE